IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JODI A. WESSEL,

                Plaintiff,

     Vs.                                                     No. 03-4089-SAC

ENERSYS, INC.
f/k/a YUASA, INC.,

                Defendant.

MEMORANDUM AND ORDER

This case, which is set for trial in less than three weeks, comes before the court on defendant's motion to amend the pretrial order. Defendant seeks to conform the pretrial order to the court's purported rulings in its order on the parties' motions for summary judgment. In that order, the court granted summary judgment in defendant's favor on all of plaintiff's FMLA claims, and denied summary judgment on plaintiff's worker's compensation retaliation claim.

Defendant's chief goal is to remove the following issue of fact from the pretrial order: "Whether plaintiff's job absences that lead to her discharge were work-injury related." Dk. 40, p. 8, pp (7)(a)(2)(2). Defendant requests that a new sentence be inserted, *i.e.*, that "plaintiff's work-related injury did not prevent her

from working on April 19 and May 1.  She was able to work with restrictions on these dates." Dk. 61, p. 6.   Lastly, defendant asks to remove all paragraphs pertaining to the dismissed FMLA claims.

Defendant acknowledges that "a pretrial order issued after the final pretrial conference may not be amended except to prevent manifest injustice." Dk. 61, p. 3.  Fed. R. Civ. P. 16(e) governs pretrial orders, and states that "[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice." *See Burnette v. Dresser Indus., Inc*., 849 F.2d 1277, 1282 (10th Cir. 1988).  Yet defendant makes no attempt to apply this rule to the present facts, does not allege that manifest injustice will occur in the event the pretrial order is not amended, and seems unaware of the unusual nature of its motion. Denial of the motion is warranted on this basis alone.

The court has no doubt that the parties will raise at trial only those claims which have not been dismissed.  To assist the parties as they prepare for trial, and for purposes of clarification, the court adds the following comments.  It would be inaccurate to read the summary judgment order as affirmatively holding that plaintiff could have worked on the days in question, or that plaintiff's alleged work-related injury did not prevent her from working on such dates.  Although the court found that "the undisputed medical evidence thus shows that plaintiff was

able to work with restrictions on the dates in question," Dk. 57, p. 15, the court made no finding that plaintiff was able to work with restrictions on the dates in question. Instead, the court examined other evidence of record and found plaintiff's conclusory testimony, which contradicted the medical evidence, was insufficient to meet her burden of proof in a FMLA claim. That burden required her to show that she was unable to perform the functions of her job in light of her health condition and that her absences were medically necessary. Dk. 57, p. 15. The court's statement in its FMLA analysis as to what one kind of evidence shows, and its conclusion that plaintiff could not meet her burden of proof, cannot reasonably be broadened to mean that the court has affirmatively found for purposes of plaintiff's state law claim that plaintiff was able to work with restrictions on the dates in question. Simply stated, the determination whether the absences that led to plaintiff's discharge were "work-injury related" is a separate determination from whether those absences were "medically necessary."

       The court was aware at the time of its order of the fine distinctions between the burdens of proof and elements in FMLA cases vis a vis workers' compensation retaliation cases. Thus it took care to explain why, as to plaintiff's FMLA claims, plaintiff's testimony was insufficient in the face of contradictory medical evidence to show that her absences were protected as medically necessary.

The court additionally explained the precedent compelling the court to find, as to plaintiff's workers' compensation retaliation claim, that her testimony and Mr. Burr's admissions were sufficient in the absence of defendant's reliance upon contradictory medical evidence, to raise a genuine question of material fact regarding Burr's belief whether her absences were due to a work-related injury. The court's order, although it demands careful reading, provides no support for defendant's contentions.

IT IS THEREFORE ORDERED that defendant's motion to amend the pretrial order (Dk. 60) is denied.

Dated this 16th day of June, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge