IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JODI A. WESSEL,

                Plaintiff,

Vs.                                                                                   No. 03-4089-SAC

ENERSYS, INC.
f/k/a YUASA, INC.,

                Defendant.


MEMORANDUM AND ORDER


This case comes before the court on both parties' motions in limine.

**Plaintiff's motion**

    **1. Testimony of Dennis Gottschalk**

Plaintiff seeks to preclude all testimony by Dennis Gottschalk, the owner of Sonny's Tavern where plaintiff held a second job as a bartender/waitress for some unspecified period of time after her injury on February 6, 2001. Plaintiff contends all testimony by this witness is irrelevant, "confusing for the jury, speculative, and not probable (sic) to any issues of this case." Dk. p. 6. Plaintiff

1

states that during his deposition, Mr. Gottschalk guessed as to the time frame of plaintiff's employment and his knowledge of her medical limitations.

Defendant replies that Mr Gottschalk's testimony is to the effect that plaintiff was able to work at Sonny's despite her back problems, thus his testimony relates to the issue whether plaintiff's injury prevented her from working in defendant's employment after her injury.[1]  Dk. 89, p. 2.

The court finds that the objections raised by plaintiff go to the weight, not the admissibility, of the testimony.  Accordingly, this request shall be denied.

**2.  Absences and other disciplinary action that did not contribute to or form the bases for Ms. Wessel's termination of employment.**

Plaintiff next asks the court to preclude all reference to plaintiff's absences and other disciplinary action more than one year before her termination.[2]  Plaintiff contends that admission of older absences would be irrelevant, confusing, immaterial, and cause delay.  These older absences, including some absences

---

[1]Defendant apparently intends to introduce this testimony to show that plaintiff was able to work at the time of her termination.  But defendant's motion in limine (Dk. 87) asks this court to conclude, based upon testimony by Dr. Manguoglu, that plaintiff was not physically able to perform her job on the date of her termination.  Defendant nowhere addresses this apparent dichotomy.

[2]The court shall refer to these as "older absences," for purposes of succinctness.

2

allegedly due to lead poisoning, did not contribute to or form the bases for the termination of plaintiff's employment because under defendant's absence policy, only those absences during the twelve months immediately prior to termination are counted.  Both parties agree that no absences during the twelve months immediately prior to termination are arguably due to lead poisoning.

Defendant acknowledges that only those absences during the prior twelve-month period are "directly considered" for purposes of discharge, but contends that evidence regarding older absences is relevant to defendant's motivation, and supports the belief of plaintiff's supervisor's that plaintiff was not absent due to a work-related injury.  Dk. 89, p. 3.

Defendant additionally suggests such evidence is admissible to show plaintiff's habit, under Rule 406, but the court rejects this rationale.  *See* Fed.R.Evid. 406 and advisory committee's note.  The Tenth Circuit defines habit as " 'a regular practice of meeting a particular kind of situation with a certain type of conduct, or a reflex behavior in a specific set of circumstances.' " *Perrin v. Anderson*, 784 F.2d 1040, 1046 (10th Cir.1986) (quoting *Frase v. Henry*, 444 F.2d 1228, 1232 (10th Cir.1971)).  Merely because an act is a common practice does not make it admissible as habit.  *See e.g., United States v. Rangel-Arreola*, 991 F.2d 1519, 1523 (10th Cir.1993) (testimony that it was common practice for truck drivers

3

to accept trucking jobs without checking the fuel tanks or insurance and without knowing the purpose of their journey was not of the reflexive nature or consistency required for habit evidence); *United States v. Fairchild*, 46 F.3d 1152 (Table), 1995 WL 21611 (10th Cir. January 12, 1995) (stealing money through check forgery cannot become a semi-automatic act and thus does not constitute a habit under the rule); *Cf. United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir.1987) (extortion or refraining from extortion does not constitute habit). Even assuming that defendant seeks to show that it was plaintiff's habit to miss work on days adjacent to weekends, her absences on such days are neither semi-automatic nor reflexive nor consistent enough to warrant admission as evidence of habit.

Finally, defendant admits that it filed its own motion in limine regarding plaintiff's testimony that one 1999 absence point was assessed for "lead poisoning." In that motion, defendant seeks to admit the fact of plaintiff's absence on that date, but to preclude any testimony that such absence was due to lead poisoning "because it is clear that plaintiff was absent for health reasons unrelated to lead exposure." Dk. 89, p. 5. The court notes that whether any absence was due to lead poisoning or not has not been predetermined, and remains a question of fact for the jury.

The court believes that testimony about plaintiff's absences and other

disciplinary action more than one year before her termination could be relevant to plaintiff's supervisor's belief that plaintiff was not absent due to a work-related injury on the dates in question. The ultimate question to be decided by the fact finder in this case is " 'which party's explanation of the employer's motivation it believes.' " *Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 386 (10th Cir.1984) (quoting *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983)) (regarding Title VII case). The challenged evidence will be permitted in the event it is first shown to be relevant. This motion shall thus be denied.

### 3. Failure to call any witness

Plaintiff next seeks to preclude "any comments, remarks, testimony and/or evidence indicating that plaintiff failed to produce or call witnesses in her case because their testimony is favorable to defendant." Dk. 86, p. 9. Plaintiff contends such would be prejudicial and irrelevant.

Generally, one party's failure to call a witness is a proper subject of argument by the opposing party. *See e.g. Alwine v. Buzas*, 89 Fed.Appx. 196, 207, 2004 WL 363477, *9 (10th Cir.2004) (finding Title VII plaintiff's "failure to subpoena [certain] witnesses for trial testimony was a legitimate subject of argument by the defense."); *Pickens v. Gibson*, 206 F.3d 988, 999 (10th Cir.2000) (holding that prosecutor was free to comment on defendant's failure to call certain

witnesses or present certain testimony).  Because plaintiff has shown no reason to depart from this general rule, this request shall be denied.

**4.  Probable testimony of any witness who is absent or not called to testify.**

Plaintiff seeks to preclude any comment upon the probable testimony of an absent witness, alleging hearsay and Rule 403 prejudice.  Plaintiff does not specify which witnesses may be absent, or what comments are likely to be made about their probable testimony.  Defendant responds that plaintiff's motion is too broad and abstract, and that if defendant seeks to introduce "outside testimony," it will do so only pursuant to the rules of evidence, particularly rules 801-802.

The court has no reason to believe that counsel will engage in improper comment regarding the substance of testimony from absent witnesses, but obviously would not permit counsel to speculate as to such testimony.  The motion shall thus be granted, but the jury will not be barred from making reasonable inferences which flow from any such absence.

**5.  Opinion testimony**

Lastly, plaintiff seeks to preclude any lay witness opinion testimony to the effect that "no retaliation" occurred.  Plaintiff contends such testimony would violate the limitations on lay witness testimony, invade the province of the jury, and

6

unfairly prejudice plaintiff.  Defendant responds that because of the vague nature of the motion, defendant does not know what testimony the motion is targeting.

It is well established that opinion testimony from decision-makers may be admissible under Fed. R. Evid. 701, even if it bears on the ultimate issue in the case.

> Under Fed.R.Evid. 701, the testimony of a lay witness "in the form of opinions or inferences" is admissible if those opinions or inferences "are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Courts generally hold admissible under Rule 701 evidence in the form of lay opinion testimony in discrimination cases when given by a person whose position with the defendant entity provides the opportunity to personally observe and experience the defendant's policies and practices. Gossett, 245 F.3d at 1179. Thus, "[l]ay opinion testimony may be helpful even if it bears on the ultimate issue in the case." *Hester v. BIC Corp.*, 225 F.3d 178, 182 (2d Cir.2000).

*Brooks v. Barnhart*, 78 Fed.Appx. 52, *59, 2003 WL 22293796, *7 (10th Cir.2003).

Conversely, testimony from third parties about another's intent is objectionable where such testimony is not based upon personal knowledge.  *See Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655, 659 (7th Cir.1991) (examining affidavits of three disgruntled employees who speculated that the manager fired the plaintiff because of age.); *Mehus v. Emporia State University,* 326 F.Supp.2d 1221, 1227 (D.Kan.2004) (grievance committee members who

7

lacked personal knowledge of the alleged discrimination were not competent to testify under Rule 602, and their opinion testimony was not based on perception so was inadmissible under Rule 701). Plaintiff concedes that lay witnesses may testify about facts within their personal knowledge, from which the jury may or may not infer a retaliatory motive.

Plaintiff's motion is too vague and speculative for a ruling in limine because it does not specify who the potential witnesses are, or what knowledge they had or did not have. This motion shall therefore be denied.

**Defendant's motions**

### Defendant's first motion in limine - Dk. 78

In this motion, defendant asks the court to bar all reference to "testimony by Bruce Timmons concerning 'management meetings' he attended." Dk. 78, p. 1. Defendant contends that Timmons' testimony is hearsay, is speculative, and would be prejudicial.

Timmons was a line leader employed by defendant for approximately 13 years, and lived with plaintiff at some unspecified point in time. During his employment, he attended monthly managements meetings. In his deposition, Timmons' testified to the following: 1) management expressed a bad attitude toward workplace injuries and had a policy of discouraging workers' compensation

claims; 2) at monthly management meetings Timmons attended, management expressed a hostile attitude towards workplace injuries and injured workers and said that injuries were costing way too much; 3) the purpose of the management meetings was to "tell the employees...our bottom line, scrap, the number of injuries we had, what we need to do to get them down, if we had to get them down." Dk. 80, p. 2; and 4) during the 13 years he worked there, the company had an attitude of punishing injured employees or looking for ways to get rid of them.  Depo. p. 28-29.

    Defendant first raises a hearsay objection, contending that because Timmons never identified who made the alleged comments at the management meetings, his statements cannot be party admissions under Fed.R.Evid. 801(d)(2)(D), as plaintiff cannot show the unidentified declarants were acting within the scope of their employment when making policy statements.  Plaintiff responds by showing that Timmons did in fact identify the management employees who "punished" employees for getting injured because of their attitudes when an injury report was filled out. Dk. 78, Exh. A., p. 31.  The court cannot determine whether those who spoke in management meetings are necessarily the same persons involved in handling injury reports, thus plaintiff's response is not particularly helpful.  Nonetheless, those who spoke at management meetings were obviously

management employees of the defendant speaking within the scope of their employment, thus Timmons' testimony is not excludable as hearsay.

Defendant next argues for exclusion under Rule 403, claiming the prejudicial effect of admission outweighs the probative value of the evidence. The lack of probative value is alleged to arise from the vague nature of the testimony, and the absence of evidence that the speakers were involved in the decision to terminate plaintiff's employment. *See Cone v. Longmont United Hos. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994) (plaintiff must demonstrate a nexus between the allegedly discriminatory statements and the defendant's decision to terminate her).

Defendant alleges prejudice because the jury may believe Timmons has the authority to bind the defendant, despite the fact that he is merely an ex-employee who was not plaintiff's supervisor and was not involved in the termination decision. This potential misunderstanding could easily be countered by defendant's introduction of facts regarding Timmons' position, the scope of his authority or lack thereof to terminate anyone, and the extent, if any, of his input into the decision to terminate plaintiff.

Rule 403 prejudice is not created by mere speculation that the jury will ignore the facts. The challenged testimony is not unduly prejudicial, thus this motion shall be denied.

10

**Defendant's second motion in limine -Dk. 81**

This motion seeks to preclude all reference to "any evidence of plaintiff's absences allegedly due to exposure to lead at work." *Id*. p. 1. In further briefing, defendant clarifies that it is asking the court to preclude evidence that the cause of certain absences in August of 1999 was lead poisoning, but to permit defendant to show that plaintiff was in fact absent on those and other dates in proving plaintiff's absenteeism problems. Defendant contends that any "lead poisoning" excuse for plaintiff's absence is irrelevant since the medical evidence shows such absences were related to strep throat and not to lead exposure or any work-related injury. Defendant further asserts that any probative value is outweighed by its prejudicial effect because despite the fact that these absences occurred almost two years before plaintiff's termination, the jury will be misled into believing that the absences were counted against plaintiff in determining that she should be terminated.

Plaintiff responds that she was absent from August 16, 1999 to September 6, 1999 due to high lead levels, not strep throat as defendant asserts, and that if defendant intends to show plaintiff's absenteeism problem by use of absences on these dates, plaintiff must be permitted to testify to the reasons for such absences. The court agrees.

Whether plaintiff's absences in August of 1999 were related to lead poisoning or strep throat or any other cause is a factual issue that remains to be determined.  In the event defendant introduces evidence that plaintiff was absent on certain dates, including in August of 1999, both parties will be able to introduce evidence showing the cause of such absences.   The court is not persuaded that any threat of Rule 403 prejudice exists, as such prejudice does not occur merely because there is a potential that the jury will misunderstand a fact.  This motion shall therefore be denied.

### Defendant's third motion in limine -Dk. 84

Defendant's third motion seeks to bar all reference to "any evidence [of] back pay or emotional distress damages." *Id*., p. 1.[3]  Defendant's theory is that a physician, Dr. Manguoglu, will testify through his deposition procured in plaintiff's workers' compensation suit that on the date of plaintiff's termination, plaintiff had permanent restrictions which prevented her from doing her job. Therefore, even if plaintiff's termination was retaliatory, her inability to do the job reduces her damages to zero.

This physician examined plaintiff and determined she was permanently

---

[3] Neither this motion nor the memorandum in support of it contains any reference to front pay.

impaired on June 21, 2001. He testified that plaintiff's injury occurred on February 6, 2001, and was slightly aggravated on March 26th and April 18th. Plaintiff was terminated on May 2nd. Because the physician testified that plaintiff's condition had improved until the date of his examination on June 21, 2001, defendant concludes that her condition must have been even more impaired before that date. Accordingly, defendant contends that plaintiff was unable to perform her job at any time after she was injured and is thus entitled to no back pay award.

Defendant additionally contends that a back pay award is speculative. Defendant claims that because plaintiff was employed by defendant for only two years and two months, it would be speculative to award damages based upon the assumption that plaintiff would have remained in the employ of defendant throughout the four years since her termination. Defendant further contends that any emotional distress plaintiff suffered was due to her work-related injury rather than to any retaliation by defendant. *See generally Sanjuan v. IBP, Inc*., 160 F.3d 1291, 1300 (10th Cir. 1998) (jury should award damages for losses caused by retaliatory discharge and not for losses caused by work injury.)

The court finds no reason to believe that the testimony of Dr. Manguoglu, if admitted, is either conclusive or is the sole evidence on the issue of damages. The court suspects that plaintiff may have some evidence on the issue of

13

damages as well, thus decision of this issue as a matter of law prior to presentation of all the evidence at trial would be premature, at best.  This motion shall be denied.

IT IS THEREFORE ORDERED that plaintiff's motion in limine (Dk. 85) is denied in part and granted in part as stated herein, and that defendant's motions in limine (Dk. 81, 78 and 85) are denied.

Dated this 28th day of June, 2005, Topeka, Kansas.

<p style="padding-left: 4em;">s/ Sam A. Crow<br>Sam A. Crow, U.S. District Senior Judge</p>