IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JODI A. WESSEL,

                Plaintiff,

       Vs.                                                  No. 03-4089-SAC

ENERSYS, INC.
f/k/a YUASA, INC.,

                Defendant.

### MEMORANDUM AND ORDER

The trial in this case is scheduled to commence on July 6, 2005, and the court files this order to resolve some of the last-minute disputes created by the parties' recent filings.

### PLAINTIFF'S MOTION TO RECONSIDER (Dk. 109)

On July 1, 2005, the plaintiff filed a motion asking the court to reconsider its summary judgment ruling on her claim under the Family Medical Leave Act or to bar the defendant on judicial estoppel grounds from arguing and presenting evidence at trial that the plaintiff was permanently disabled and unable to work for the defendant as of June 21, 2001, when she was examined and evaluated by Dr. Manguoglu. (Dk. 109). The court denies the plaintiff's motion, because the

plaintiff has not shown that the defendant is taking at trial a position that is "clearly inconsistent" with the position taken in the summary judgment proceedings. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (Judicial estoppel does not apply unless a party's later position is "clearly inconsistent" with its earlier position). As confirmed by its summary judgment order, the court in its ruling relied upon the defendant's argument and proof that the undisputed medical evidence showed the plaintiff was able to perform the work being provided by the defendant on April 19th and May 1st which was within the work restrictions specified by Dr. Bassett for that time period. From the defendant's recent filings, the court understands the defendant will be arguing at trial based upon Dr. Manguoglu's deposition that as of June 21, 2001, the plaintiff had reached maximum medical recovery and had a disability requiring permanent restrictions that prevented her from performing <u>some</u> of her regular job duties in the dry charge area. Consequently, the defendant's positions are not clearly inconsistent, and the plaintiff is not entitled to judicial estoppel as requested.

  As for the plaintiff's alternative request for the court to reconsider its summary judgment ruling on her FMLA claim, the court denies the same as the plaintiff has not established any of the required grounds for reconsideration. In addition, the plaintiff's motion is untimely.

## EXHIBITS AND OBJECTIONS

The court has reviewed the parties' exhibit notebooks and considered some of the objections found in the parties' filings under Rule 26(a)(3) of the Federal Rules of Civil Procedure.  Because several of the parties' Rule 26(a)(3) filings and disclosures were less than complete, the court has had some difficulty matching up each objection to an exhibit in the parties' notebooks as well as understanding the intended scope of the relevant objections.  Consequently, the court will take most of the objections under advisement and will wait until trial when it will be in a better position after hearing the parties' arguments to evaluate relevance and determine the applicability of the hearsay exceptions being advanced.  Because the parties' filings devote more attention to two particular areas:  the use of Dr. Ali Manguoglu's deposition and the admissibility of the unemployment insurance judge's decision, I will rule on these matters now.

The court overrules the plaintiff's general objections to the defendant's use of Dr. Manguoglu's deposition.  The plaintiff offers no authority for her argument that a court may preclude the use of a deposition taken in a different proceeding when one side to the deposition chose not to conduct a cross examination or when one side is now represented by different counsel.  Rule 32(a) of the Federal Rules of Civil Procedure creates an exception to the hearsay rules,

3

and there is no dispute that Dr. Manguoglu is more than 100 miles from Topeka. Thus, the defendant may use Dr. Manguoglu's deposition for any purpose, and "[r]epresentation by the same counsel at both proceedings, . . ., is not required." *DeLuryea v. Winthrop Laboratories, a Div. of Sterling Drug*, 697 F.2d 222, 227 (8th Cir. 1983) (citing *United States v. Amaya*, 533 F.2d 188, 191-92 (5th Cir. 1976), *cert. denied*, 429 U.S. 1101 (1977)).  As for the plaintiff attacking Dr. Manguoglu's testimony based on his abbreviated examination of the plaintiff and his admitted lack of training on determining task loss, such matters go to the weight of the testimony, not its admissibility.

The court denies the plaintiff's request to accord collateral estoppel effect to the unemployment insurance judge's decision.  Federal courts consistently have treated Kansas unemployment insurance proceedings as so unique and different from other judicial proceedings that collateral estoppel effect was not accorded them.  *See, e.g., Zimmerman v. Sloss Equipment, Inc.*, 72 F.3d 822, 826-27 (10th Cir. 1995); *Palmer v. Leawood South Country Club, Inc.*, 1998 WL 724050, at *7 (D. Kan. Sept. 9, 1998); *Gutierrez v. Board of County Com'rs, Shawnee County, Kan.*, 791 F. Supp. 1529, 1532-34 (D. Kan. 1992).  In doing so, these courts have emphasized the unique purpose of the unemployment compensation laws, the informal nature of these proceedings, the distinct burden of

proof placed on the employer to prove employee misconduct, and the apparent unfairness in requiring parties to litigate ultimate issues in a proceeding where they may lack the incentives to litigate them fully.  These reasons carry equal weight and truth here.  The issue as stated and decided in the unemployment compensation proceeding was whether the defendant carried its burden of proving the plaintiff engaged in misconduct in that a majority of the plaintiff's absences were without good cause.  While this issue touches on some of what will be litigated at trial, the focus now is on whether the defendant discharged the plaintiff in retaliation for the plaintiff's exercise of her rights under state workers' compensation laws, and the burden of proof is not on the defendant to show the plaintiff's misconduct but on the plaintiff to prove the defendant's retaliation.  The court overrules the plaintiff's request to give collateral estoppel effect to the unemployment insurance judge's decision.

The court further finds the decision inadmissible on Rule 403 grounds as the danger of the jury giving this decision undue and inappropriate weight substantially outweighs its limited probative value.  It would be difficult for the jury to consider and evaluate the evidentiary weight of the insurance judge's decision in light of the distinctly different burdens of proof and procedures and the unique purposes of Kansas unemployment compensation law.  Moreover, the court finds

the insurance judge's decision does not contain clearly stated findings from which the jury could draw any meaningful inferences on the issues as now framed for this retaliatory discharge trial. Consequently, the probative value of this finding is limited and is substantially outweighed by the significant risk of the jury attaching undue weight to it.

IT IS THEREFORE ORDERED that the plaintiff's motion to reconsider (Dk. 109) is denied;

IT IS FURTHER ORDERED that the plaintiff's general objections to the defendant's use of Dr. Ali Manguoglu's deposition are overruled;

IT IS FURTHER ORDERED that the plaintiff's request for the court to give collateral estoppel effect to the unemployment judge's decision is denied and the defendant's objection to the admissibility of this decision is sustained.

Dated this 6th day of July, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge