IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JODI A. WESSEL,

                Plaintiff,

Vs.                                                         No. 03-4089-SAC

ENERSYS, INC.
f/k/a YUASA, INC.,

                Defendant.


MEMORANDUM AND ORDER

In this case, the court dismissed plaintiff's FMLA claims by summary judgment prior to trial, but retained supplemental jurisdiction over a state law claim of workers' compensation retaliation. That claim was tried to a jury July 6 through the 14th, 2005. The jury found in favor of the plaintiff but awarded her total damages of only $3,700. The case now comes before the court on the following post-trial motions: defendant's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), plaintiff's motion for a new trial, and defendant's renewed motion for judgment under Rule 50. The court addresses this latter motion first.

**Defendant's renewed motion for judgment under Rule 50**

Defendant moved for judgment as a matter of law at the end of

plaintiff's case and at the end of all the evidence in the case.  Defendant now renews that motion, incorporating arguments made in its previous Rule 50 motions.  Defendant contends plaintiff failed to prove any causal connection between her protected activity or injury and her termination, failed to show any retaliatory intent by defendant, and failed to prove that plaintiff suffered any harm from the termination of her employment.

The standards for granting judgment as a matter of law under Rule 50 are well established.

> Judgment as a matter of law under Rule 50(b)"should be cautiously and sparingly granted," *Black v. M & W Gear Co.*, 269 F.3d 1220, 1238 (10th Cir. 2001), and is appropriate only if the evidence, viewed in the light most favorable to the nonmoving party, "points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Sanjuan v. IBP, Inc*., 275 F.3d 1290, 1293 (10th Cir. 2002).  In determining whether judgment as a matter of law is proper, the court may not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury.  *See Turnbull v. Topeka State Hosp*., 255 F.3d 1238, 1241 (10th Cir. 2001).
> In essence, the court must affirm the jury verdict if, viewing the record in the light most favorable to the nonmoving party, it contains evidence upon which the jury could properly return a verdict for the nonmoving party.  *See Roberts v. Progressive Independence, Inc*., 183 F.3d 1215, 1219-20 (10th Cir. 1999) (citing *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc*., 82 F.3d 1533, 1546 (10th Cir. 1996)).  Conversely, the court must enter judgment as a matter of law in favor of the moving party if "there is no legally sufficient evidentiary basis ⋯ with respect to a claim or defense ⋯ under the controlling law."  *Deters v. Equifax Credit Information Servs., Inc*., 202 F.3d 1262, 1268 (10th Cir. 2000) (quoting *Harolds*, 82 F.3d at 1546-47).

*Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 244 F. Supp. 2d 1250, 1256 (D. Kan. 2003).

As the court instructed the jury, an employee may recover for retaliatory discharge upon proving that her termination was because of or due to the employer's intent to retaliate for the employee's exercise of rights under the Workers'Compensation Act.  Plaintiff was required to prove that she exercised her statutory rights under the Workers' Compensation Act, that defendant had knowledge of the plaintiff's exercise of statutory rights under the Workers' Compensation Act or of the fact that she had sustained a work-related injury for which she might file a future claim for such benefits, that defendant terminated the plaintiff's employment, and that the plaintiff's termination occurred because of the defendant's intent to retaliate for the plaintiff's actual or possible exercise of rights under the Workers' Compensation Act.  Only the last element was contested at trial.

Although the evidence of retaliation was far from overwhelming, the court finds a legally sufficient evidentiary basis with respect to each of the challenged claims under the controlling law.  The jury apparently chose to credit plaintiff's testimony that each of her absences was necessitated by her work injury and accepted Bruce Timmons' testimony that on the dates in question when

plaintiff was off work she laid in bed or on the couch because of her work-related back injury. The jury could have believed Mr. Pipes' testimony that he and Mr. Burr knew that plaintiff reported her absences on April 19 and May 1 as work-related, and could have determined that the medical evidence was not controlling and failed to disprove plaintiff's claims.

Additional evidence supports a reasonable inference of causal connection and retaliatory intent. Mr. Timmons testified that injured employees placed in plate parting were known to quit or be terminated for low production. Plaintiff was placed in plate parting after being injured. Mr. Pipes testified that the policy to terminate employees for excess absenteeism is mandatory, but he admitted that plaintiff had previously exceeded the maximum number of absences and had not been terminated. Instead, plaintiff was terminated when she violated the absenteeism policy only after having sustained a work-related injury. Mr. Burr testified that he disbelieved plaintiff's absences were work-related because plaintiff had no medical documentation saying so, but admitted that no written rule required such documentation. Evidence was presented that plaintiff's health was improving and her restrictions were lessening between the date of her injury and the date of her termination. The jury could have found that three months was an insufficient period of time in which to expect an employee to fully recover, and that plaintiff was able

to work in some capacity between the date of plaintiff's termination and the date plaintiff was awarded permanent disability. The court finally notes that the timing of events was remarkable in this case.

The evidence, taken together, may not compel a finding that plaintiff's termination occurred because of the defendant's intent to retaliate for the plaintiff's actual or possible exercise of rights under the Workers' Compensation Act, but is sufficient to permit that finding. Defendant's motion shall therefore be denied.

**Plaintiff's motion for a new trial**

In this motion brought pursuant to Fed. R. Civ. P. 59(e), plaintiff seeks the following: 1) a new trial on the issue of damages or a determination of damages by the court; 2) reconsideration of the court's ruling on plaintiff's FMLA claim and judicial estoppel pretrial motion; 3) reconsideration of the court's pretrial rulings related to defendant's inconsistent theories at summary judgment and trial; and 4) reconsideration of evidentiary issues and jury instructions[1] related to defendant's theory at trial that plaintiff was physically unable to work for defendant.

Although phrased in various ways, each of these arguments rest upon

---

[1] Plaintiff fails to specify which evidentiary rulings or jury instructions she is challenging.

5

a common thread: plaintiff's contention that the court erred in permitting defendant to take inconsistent positions at trial that plaintiff was and was not able to work for defendant.

The court has previously rejected this same contention. On July 1, 2005, the plaintiff filed a motion (Dk. 109) asking the court to reconsider its summary judgment ruling on her claim under the Family Medical Leave Act or to bar the defendant on judicial estoppel grounds from arguing and presenting evidence at trial that the plaintiff was permanently disabled and unable to work for the defendant as of June 21, 2001, when she was examined and evaluated by Dr. Manguoglu. (Dk. 109).

The court denied plaintiff's motion to reconsider, expressly finding that defendant's positions were not inconsistent, by stating:

> ... plaintiff has not shown that the defendant is taking at trial a position that is "clearly inconsistent" with the position taken in the summary judgment proceedings. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (Judicial estoppel does not apply unless a party's later position is "clearly inconsistent" with its earlier position). As confirmed by its summary judgment order, the court in its ruling relied upon the defendant's argument and proof that the undisputed medical evidence showed the plaintiff was able to perform the work being provided by the defendant on April 19th and May 1st which was within the work restrictions specified by Dr. Bassett for that time period. From the defendant's recent filings, the court understands the defendant will be arguing at trial based upon Dr. Manguoglu's deposition that as of June 21, 2001, the plaintiff had reached maximum medical recovery and had a disability requiring permanent

> restrictions that prevented her from performing some of her regular job duties in the dry charge area. Consequently, the defendant's positions are not clearly inconsistent, and the plaintiff is not entitled to judicial estoppel as requested.

Dk. 117, p. 3.

At trial, defendant made the argument anticipated in the court's order above, *i.e.*, that plaintiff had permanent restrictions which prevented her from performing some of her regular job duties in the dry charge area. Plaintiff believes that the jury was persuaded by this argument as evidenced by its finding that plaintiff was entitled to only $3,700.00 in back wages. Dk. 139, p. 12. Given the fact that the amount of damages awarded approximates the amount of lost wages from the date of plaintiff's termination to the date she was found to have permanent restrictions, namely, May 2, 2001 to June 21, 2001, the court agrees that the jury may have accepted defendant's theory that plaintiff was not able to return to her regular job after June 21. Thus the defendant succeeded in persuading the court on summary judgment that the medical evidence showed that on April 19 and May 1 plaintiff was able to perform the light duty jobs assigned to her, and appears to have succeeded in persuading the jury at trial that different medical evidence showed that plaintiff was not able to perform all the duties of her regular position after June 21.

Plaintiff has not shown how any of the court's rulings or jury instructions was in error. The court reaffirms that it finds no inconsistency between defendant's contention that the plaintiff was able to perform the light duty positions assigned to her on April 19 and May 1, and defendant's contention that plaintiff was not able to perform all the duties of her regular position after June 21. Because the comparisons are between different jobs and relate to plaintiff's abilities on different dates, no inconsistency has been shown.[2]

Plaintiff makes a passing reference to the law of the case doctrine, but plaintiff's reliance, if any, upon that doctrine is misplaced because of one salient fact: the court never reversed its prior ruling. *See Allison v. Bank One-Denver*, 289 F.3d 1223, 1247 (10th Cir. 2002). The court's finding that medical evidence showed plaintiff's ability to work her restricted duty jobs on certain dates prior to June 21 was not reversed by its admission at trial of medical evidence showing plaintiff's inability to work her regular job on and after June 21. Accordingly, this motion shall be denied.

**Defendant's motion to alter or amend the judgment (Dk. 141)**

In its motion to alter or amend the judgment, defendant asks the court

---

[2] The court notes that medical evidence was not the sole evidence introduced at trial on these issues.

to order each party to pay its own costs, or in the alternative, to allocate costs in an equitable manner reflecting the plaintiff's lack of success on three of her four legal theories and her minimal success on the fourth.[3]  Plaintiff opposes the motion.

Grounds warranting a Rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).   It is not "appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citation omitted). Because the court's judgment granting costs to plaintiff was done as a matter of course and the parties have had no opportunity to address this issue previously, the court finds that a motion to alter or amend is the appropriate vehicle in which to address this matter.

Rule 54(d) establishes the general rule that costs are allowed to the prevailing party.

> Rule 54(d)(1) provides in relevant part that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs."  The allowance or disallowance of costs to a prevailing party is within the sound discretion of the district court.  *Homestake Mining Co. v. Mid-Continent*

---

[3]Defendant does not contend that it made an offer of judgment pursuant to Fed. R. Civ. P. 68.

> *Exploration Co.*, 282 F.2d 787, 804 (10th Cir. 1960). However, this discretion is limited in two ways. "First, it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. IBEW Local 2021*, 69 F.3d 456, 458-59 (10th Cir. 1995). Second, the district court must provide a valid reason for not awarding costs. *Id.* at 459.

*Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000).

The Tenth Circuit has held that a district court may properly exercise its discretion to deny costs under Federal Rule of Civil Procedure 54(d) when a prevailing party is only partially successful, *Howell Petroleum Corp. v. Samson Resources Co.*, 903 F.2d 778, 783 (10th Cir. 1990) (where plaintiff's recovery was limited to $86,836.55 of the $543,649.60 plaintiff sought), or when both parties have prevailed on at least one claim, *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990). *See generally, Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 -1235 (10th Cir. 2001). Other courts have denied costs when damages are only nominal, when costs are unreasonably high or unnecessary, when recovery is insignificant, or when the issues are close or difficult. *Zeran*, 203 F.3d at 722, citing *Cantrell v. International Broth. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995).

Plaintiff invites the court to use the *Farrar* "prevailing party" analysis in resolving this issue, and cites only cases which do so. That analysis is

10

employed in federal civil rights statutory fee cases. But plaintiff has not cited, and the court's research has not uncovered, any Tenth Circuit case extending the *Farrar* analysis to a Rule 54(d)(1) determination of costs. *See Rogers v. United States*, 2000 WL 382015, *4 (D. Kan. 2000) (denying costs to all parties agres Rule 54(d) where plaintiffs were awarded $288,884.00 but lost on the major issue in the litigation).

In the present case, plaintiff lost on her FMLA claim for interference with her right to take FMLA leave, lost on her FMLA claim for terminating her for attempting to take FMLA leave, and lost on her FMLA claim for failing to restore her to her prior position after she took leave. Plaintiff went to trial only on her state law claim of workers' compensation retaliation. For that claim she sought $900,000 in lost wages, up to $300,000 in compensatory damages, and punitive damages. She was awarded only $3,700 in lost wages. The court finds this to be a mixed judgment in which each party prevailed on some claims, so exercises its discretion to require each party to bear its own costs.

It is not unusual for a plaintiff who prevails at trial on a claim and is awarded damages to be awarded costs.[4] In this case, however, the court agrees

---

[4]This is standard practice for this court and is the basis for the clerk's entry of costs in favor of the plaintiff in this case.

that such a conclusion does not properly reflect the realities of the entire litigation. The court does not wish to penalize a plaintiff for stating multiple legal theories based upon identical facts. Nonetheless, a plaintiff who chooses to plead in that manner knows that stating separate legal theories compels a defendant to counter each such theory, and compels the court to resolve each theory, often on the basis of fine distinctions, as in this case. By pleading multiple theories, plaintiff runs the risk that its loss on various theories at summary judgment will be weighed against its win at trial on other theories in the court's assessment of costs pursuant to Rule 54(d). This motion shall be granted.

IT IS THEREFORE ORDERED that Defendant's renewed motion for judgment under Rule 50 (Dk. 136) is denied; that plaintiff's motion for new trial (Dk. 138) is denied; and that defendant's motion to alter or amend (Dk. 140) is granted to the extent that each party shall bear its own costs.

Dated this 28th day of September, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge